PEOPLE v. RICH

TRIAL—EXAMINATION OF WITNESSES—JUDGE'S INTERRUPTIONS.
A trial judge's interrupting defense counsel's examination of wit-
nesses is within the judge's statutory prerogative to
control all trial proceedings and to limit the introduction of
evidence and the argument of counsel to relevant and ma-
terial matters with a view to effectively ascertain and expedite
the truth regarding the matters involved (MCLA § 768.29).

Appeal from Recorder's Court of Detroit, Donald
S. Leonard, J.   Submitted Division 1 February 9,
1971, at Detroit.   (Docket No. 10615.)   Decided
April 30, 1971.   Leave to appeal denied, 386 Mich
780.

Rudolph Rich was convicted of breaking and en-
tering an occupied dwelling with intent to commit
rape and of assault with intent to do great bodily
harm less than the crime of murder.   Defendant
appeals.   Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Gerard A. Poehl-
man,* Assistant Prosecuting Attorney, for the people.

*Raymond Miller,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Witnesses § 554.

Before: LESINSKI, C. J., and V. J. BRENNAN and LEVIN, JJ.

PER CURIAM. Defendant was convicted of breaking and entering an occupied dwelling with intent to commit the felony of rape, contrary to MCLA § 750.110 (Stat Ann 1971 Cum Supp § 28.305), and assault with intent to do great bodily harm less than the crime of murder, contrary to MCLA § 750.84 (Stat Ann 1962 Rev § 28.279). He was given concurrent sentences on the two convictions. The people move to affirm defendant's convictions. GCR 1963, 817.5(3).

It is manifest that the questions presented, upon which decision of the cause depends, are so unsubstantial as to need no argument or formal submission. Our examination of the trial transcript satisfies us that the trial court's interruptions of defense counsel's examination of witness was within the statutory prerogative of the trial court "to control all proceedings during the trial, and to limit the introduction of evidence and the argument of counsel to relevant and material matters, with a view to the expeditious and effective ascertainment of the truth regarding the matters involved." MCLA § 768.29 (Stat Ann 1954 Rev § 28.1052).

Motion to affirm is granted.

Judge LEVIN concurs in the result.